

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CLINTON BURNS, III, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-00970-MGL |
| | § | |
| H. JOYNER, *Warden*, | § | |
| Respondent. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE

This case was filed as a petition for writ of habeas corpus (Petition) under 28 U.S.C. § 2241 (section 2241). Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion to dismiss be granted and Petitioner's petition be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on August 22, 2018, ECF No. 35, and the Clerk of Court entered Petitioner's objections to the Report on September 6, 2018, ECF No. 38. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge recommends Petitioner fails to meet the requirements of *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), to seek relief under section 2241 via 28 U.S.C. § 2255's (section 2255) savings clause. The Magistrate Judge notes Petitioner was convicted of the crimes he seeks to challenge in Florida, which is part of the Eleventh Circuit, so *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), upon which Petitioner relies in bringing his Petition, is inapplicable. The Magistrate Judge further suggests Petitioner fails to show any applicable law meets the *Wheeler* requirements, and thus Respondent's motion to dismiss is due to be granted, and Petitioner's Petition is due to be dismissed.

Petitioner first objects "the law of the Eleventh Circuit at the time of Petitioner's direct appeal and first § 2255 . . . would have precluded" the challenge Petitioner makes to his sentence. ECF No. 38 at 6 (citing *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995), *McCarthan v. Dir., Goodwill Indust.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017)). The Court holds this objection is without merit.

In *Wheeler*, the Fourth Circuit established a test for meeting section 2255's savings clause in challenging a sentence. 886 F.3d 415. To meet the *Wheeler* test, a petitioner must show: 1) the sentence was legal under settled law at the time of sentencing; 2) after petitioner's direct appeal and first motion under section 2255, the substantive law changed, and the new law was made retroactive on collateral review; 3) petitioner is unable to meet the requirements of 28 U.S.C. § 2255(h)(2) to file a successive motion under section 2255; and 4) the sentence imposed presents a fundamental defect due to the change in the law. *Id.* at 429. Petitioner fails to show the law of the Eleventh Circuit or the United States Supreme Court has changed. Thus, he fails to meet *Wheeler's* second requirement. Accordingly, the Court will overrule Petitioner's first objection to the Report.

Petitioner next argues: "[i]n any event, [] because Petitioner is confined in the District of South Carolina, he is entitled to benefit from the law of the Fourth Circuit." ECF No. 38 at 6. The Court disagrees. As noted above, step two of the *Wheeler* test requires a change in the substantive law. Petitioner claims that substantive change is provided by the Fourth Circuit's decision in *Simmons*. However, the Court agrees with the rationale of a number of district courts noting the substantive law that applies to a petition under section 2241 is the law of the place of conviction, not the law of the place of confinement. *See Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011); *Van Hoorelbeke v. United States*, C/A No. 0:08-3869-VMC-PJG, 2010 WL 146289 at *4 (D.S.C. Jan 8, 2010); *Chaney v. O'Brien*, Civil Action No. 7:07CV00121, 2007 WL 1189641 at *3 (W.D. Va. April 23, 2007), *aff'd* 241 Fed. App'x 977 (4th Cir. 2007); *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Petitioner was convicted in Florida, which is not part of the Fourth Circuit. Thus, a substantive change in the law of the

Fourth Circuit is insufficient to meet step two under *Wheeler*. For that reason, the Court will overrule Petitioner's second objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Respondent's motion to dismiss is **GRANTED** and Petitioner's Petition is **DISMISSED WITHOUT PREJUDICE**.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of September, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.