

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CLINTON BURNS, III, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-00970-MGL |
| | § | |
| H. JOYNER, *Warden*, | § | |
| Respondent. | § | |
| | § | |

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

This closed case was filed as a petition for writ of habeas corpus (petition) under 28 U.S.C.

§ 2241. Pending before the Court is Petitioner Clinton Burns, III's (Burns) motion to reconsider.

Having carefully considered the motion, the record, and the applicable law, it is the judgment of

the Court Burns' motion to reconsider will be denied.

On September 27, 2018, the Court issued an Order adopting the then-pending Report and

Recommendation, ECF No. 35, and dismissing without prejudice Burns' petition. ECF No. 40.

On October 12, 2018, Burns filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). ECF

No. 43. In his motion, Burns asks the Court to reverse its September 27, 2018 Order. In the

alternative, Burns requests the Court hold an evidentiary hearing.

A motion under Fed. R. Civ. P. 59(e) can be granted only: "(1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076,

1081 (4th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

Burns fails to allege any new evidence, clear error of law, or manifest injustice in support of his motion to reconsider. His sole basis for seeking reconsideration is that the law changed when the Fourth Circuit Court of Appeals decided *United States v. Wheeler*, 886 F.3d 415 (2018). *Wheeler* provides a test for petitioners seeking habeas corpus relief via 28 U.S.C. § 2255(e)'s savings clause, and 28 U.S.C. § 2241 based upon challenging their sentences.

The Court has reviewed the record, and Burns' motion to reconsider dismissal of his petition constitutes nothing more than a rehashing of arguments that either were previously raised or could have been previously raised. Therefore, the motion is an impermissible attempt to re-litigate old matters and is without merit. *See Baker*, 554 U.S. at 485 n.5 (explaining a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (internal quotation marks omitted)). Moreover, having thoroughly reviewed the record, the Court remains convinced the Order was correctly decided for the reasons articulated in the Order. For those reasons, the Court will deny Burns' motion to reconsider.

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Burns' motion to reconsider is **DENIED**.     Burns' request for an evidentiary hearing is also **DENIED**.

To the extent Burns moves for a certificate of appealability, that motion is **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of November, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.